UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. |
| § | |
| HEARTS WITH HOPE § | |
| FOUNDATION, § § | |
| Defendant. § | |

PLAINTIFF COLONY INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Plaintiff, Colony Insurance Company ("Colony"), and makes and files this, its original Complaint for Declaratory Judgment and would show the Court as follows:

**1.
Introduction**

1.1   This is an action for declaratory judgment to determine whether Plaintiff Colony has a duty to defend or indemnify Hearts With Hope Foundation. ("Hearts With Hope") against the claims asserted by Vance Anderson and Karen Anderson as guardians and next friends of V.A., a minor child in the suit styled *Vance Anderson and Karen Anderson as guardians and next friends of VA, a minor child v. Hearts with Hope Foundation*; Cause No. 2017-03216, in the 215th Judicial District Court, Harris County, Texas ("Underlying Suit").

1.2   The Underlying Suit is an action for alleged injuries to V.A. that were allegedly caused when, while *in utero*, his mother, Karen Anderson ("Anderson"), was struck in the abdomen. V.A., through his parents, has brought the Underlying Suit against Hearts With Hope,

1

asserting that Hearts With Hope failed to properly protect Anderson and V.A. from rambunctious children at Anderson's workplace.

## 2.
## Parties

2.1    Plaintiff Colony Insurance Company is a citizen of the Commonwealth of Virginia, being a corporation formed in Virginia and having its principal place of business in Virginia.

2.2    Defendant Hearts With Hope is a citizen of state of Texas, being a corporation formed in Texas and having its principal place of business in Texas. It may be served by serving its registered agent, Luevenia Chapman, at 27706 Tiverton Court, Spring, Texas 77386.

## 3.
## Jurisdiction and Venue

3.1    This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 et seq.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship among the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

3.2    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 124(b)(2) and 1391(b) in that all or a significant part of the acts or omissions giving rise to this claim occurred in this judicial district and division.

## 4.
## Factual Allegations

4.1    Anderson, the guardian and next friend of the minor V.A., in the Underlying Suit, alleges that she was employed as a case manager for Hearts With Hope. On or about January 18, 2015, when she was pregnant with V.A., Anderson was in the course and scope of said employment when she was struck in the abdomen by one of the children in the care of Hearts

With Hope. It is alleged that as a consequence of the injury to Anderson her son V.A. suffered physical and emotional injuries and pain and suffering.

4.2     Hearts With Hope has denied these allegations generally and asserts the worker's compensation bar, TEX. LAB. CODE § 408.001(a), as a defense.

## 5.
## Colony Policies

5.1     Colony issued Hearts With Hope general liability policies, all numbered AP510035.  Hearts With Hope requested a defense under these policies in the Underlying Suit. Colony has denied this request.

5.2     Colony issued several liability policies to Hearts With Hope that provided coverage on a claims-made and reported basis: policy number AP510035-07, with effective dates of April 23, 2014 through April 23, 2015; policy number AP510035, with effective dates of April 23, 2015 through April 23, 2016; and policy number AP510035, with effective dates of April 23, 2016 through April 23, 2017, (collectively, "Policies"). The Policies' COMMON POLICY PROVISIONS (Form LMSCG0002-0912) and applicable endorsements contain certain exclusions and conditions of coverage.

5.3     The claim was first made and reported during the 2016-2017 policy period.

5.4     The insuring agreement relative to claims for general liability for "bodily injury" provides, in pertinent part:

**SECTION I – INSURING AGREEMENTS**

**1.      Insuring Agreement A – Bodily Injury And Property Damage**

   a.   We will pay, in excess of the Deductible shown in the Declarations, those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies. We may, at our

       discretion, investigate any "occurrence" and settle any "claim" that may result. …

  b.  This insurance applies to "bodily injury" and "property damage" only if:

    (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)  The "bodily injury" or "property damage" did not occur before the Retroactive Date, if any, shown in the Declarations or after the end of the "policy period"; . . .

\* \* \*

5.5    The Policy also contains several relevant definitions, including:

"Bodily Injury" means bodily injury, mental anguish, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

5.6    The general liability coverage contains the following exclusion, precluding coverage for claims:

  Based upon or arising out of "bodily injury" to:

  (1) an "employee" of the insured arising out of and in the course of:

    (a) employment by the insured; or

    (b) performing duties related to the conduct of the insured's business; or

  (2) **the spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above**.

  This exclusion applies:

>   (1) whether the insured may be liable as an employer or in any other capacity; and or in any other capacity; and
>
>   (2) to any obligation to share "damages" with or repay someone else who must pay "damages" because of the injury.

(emphasis added).

* * *

5.7     The damages claimed against Hearts With Hope are excluded from coverage. The injuries allegedly suffered by V.A. arose as a consequence of the injury suffered by Anderson, who was in the course and scope of her employment at the time of the injury. Therefore, pursuant to exclusion g, there is no coverage for defendant and Colony has no duty to defend or indemnify it against the claims of the Underlying Plaintiffs.

5.8     The Policies also provide limited coverage for "personal and advertising injury" in part B and for "professional liability" in part D. These are limited to certain enumerated business offenses and health care-related claims, respectively, neither of which apply to the present claim. *See* forms LMSCG0002-0912 at pages 1, 8; LMS0002-0912 at p. 1, LMSCPP-0912, at p. 14.

5.9     In addition, the Policies contain exclusions that preclude coverage for losses or potential losses known to the insured prior to inception of the policy. *See* form LMSCG0002, at p. 1, LMS0002-0912 at p. 1.  The claim was first reported to Colony in February 2017, but the incident and claim or potential claim complained of was made known to Hearts With Hope in May 2015, well prior to the effective date of the 2016-2017 Policy.

**WHEREFORE, PREMISES CONSIDERED**, Colony Insurance Company prays for judgment declaring the rights and obligations of the parties, and in particular for a declaration that no coverage exists for V.A.'s injuries and that Colony owes no duty to defend or indemnify

Hearts With Hope for the claims raised in the Underlying Lawsuit, and for such other and further relief, at law or in equity, to which Colony may show it is justly entitled.

Respectfully submitted,

TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP

 /s/ *John C. Tollefson*
**John C. Tollefson** – Attorney-In-Charge
State Bar No. 20109400
Southern District Bar No. 13149
JohnT@tbmmlaw.com
**Stephen A. Melendi**
State Bar No. 24041468
Southern District Bar No. 38607
StephenM@tbmmlaw.com
**Aaron G. Stendell**
State Bar No. 24073062
Southern District Bar No. 2175505
AaronS@tbmmlaw.com
2811 McKinney Avenue, Suite 250 West
Dallas, Texas  75204
Telephone: (214) 665-0100
Facsimile: (214) 665-0199
**ATTORNEYS FOR COLONY INSURANCE COMPANY**